# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TEDDIE ANN STEWART**                                **CIVIL ACTION**

**VERSUS**

**SPRINGHILL SMC, LLC, ET AL.**               **NO.: 13-00711-BAJ-SCR**

## SUA SPONTE ORDER

The Court *sua sponte* notes the potential insufficiency of the alleged amount in controversy, which formed the basis for removal of the instant matter to this Court from the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana. The notice of removal invoked general diversity jurisdiction, as described in 28 U.S.C. § 1332. (Doc. 1 at ¶ 20).[1]

The Court ordinarily consults the state court petition to determine the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). However, Louisiana prohibits plaintiffs from petitioning for a specific monetary amount. *See* La. C.C.P. art. 893(A)(1). Therefore, where, as here, the petition does not include a specific monetary demand, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of

---
[1] No motion to remand was filed in this matter.

1

the requisite amount. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Here, it is hardly apparent from the face of Plaintiff Teddie Ann Stewart's petition that her claims exceed $75,000. Stewart's petition alleges that Stewart, upon stepping into a bathtub, "slipped on the cleaning solution and fell on her back." (Doc. 1-4 at ¶ 7). As a result of the described incident, Stewart claims she "sustained injuries including, but not limited to back pain, neck pain, and wrist pain." (*Id.* at ¶ 14). The petition contains no further specificity regarding the duration or severity of her injuries. The stated damages are too vague to provide the Court with the requisite degree of confidence that the petition, standing alone, makes out a claim for greater than $75,000.

Likewise, the notice of removal and accompanying materials are insufficient to satisfy the preponderance of the evidence standard. On the amount in controversy, the removing defendants made the representation that "Plaintiff's counsel advised that damages exceed $75,000 such that removal is proper" and directed the Court to the attached Exhibit B. (Doc. 1 at ¶ 18). Upon inspection, however, Exhibit B only reflects that Plaintiff's counsel was *unable to stipulate* that damages would not exceed $75,000—a marked distinction. (Doc. 1-4 at p. 8). The notice of removal fails to set forth additional facts regarding the amount in controversy but merely asserts in a conclusory fashion that the amount has been met.

"[R]emoval cannot be based simply upon conclusory allegations." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003) (citation and quotations marks omitted). Recognizing that the remaining defendants in this matter are not the removing defendants,[2] the Court shall grant Defendants an opportunity to set forth "summary judgment type evidence" of facts in controversy that support a finding of the threshold amount.

Accordingly,

**IT IS ORDERED** that, if they wish to show that federal jurisdiction exists and that removal was proper, Defendants Apple Nine Hospitality Management, Inc. and Dimension Development Two, LLC shall, **on or before May 19, 2015**, file into the record a memorandum concerning the Court's subject matter jurisdiction over this matter. The memorandum shall contain facts supporting a finding of the requisite amount in controversy, with supplementary documentation as necessary. If any sensitive information is to be filed—e.g., medical information—Defendants may file under seal.

Baton Rouge, Louisiana, this 11th day of May, 2015.

*(signature)*
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] The removing defendants, Springhill SMC, LLC, d/b/a Springhill Suites by Marriott and Marriott International, Inc., have since been dismissed upon motion by Stewart. (*See* Docs. 6, 9). The only remaining defendants in this matter, Apple Nine Hospitality Management, Inc. and Dimension Development Two, LLC, were not added as parties to this suit until Stewart amended her complaint following the filing of the notice of removal. (*See* Doc. 2).